UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH K. LY, | CASE NO. C17-1653-MJP |
| Defendant-Petitioner, | ORDER DENYING MOTION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent | |

THIS MATTER comes before the Court on Petitioner's Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) Having reviewed the Motion, the Response (Dkt. No. 5), the Reply (Dkt. No. 6) and all related papers, the Court DENIES the Motion.

**Background**

Petitioner Keith K. Ly moves to vacate his sentence under 28 U.S.C. § 2255 ("Section 2255"). (Dkt. No. 1.) In 2014, a jury convicted Ly of ten counts relating to his involvement in a conspiracy to manufacture marijuana in several residential properties he owned. See United States v. Ly, Case No. 13-157MJP, Dkt. No. 191. Over eight days of trial, the jury heard testimony from nearly 30 witnesses including purported tenants who described growing

marijuana for Ly in exchange for food and housing; officers who conducted surveillance, searches, and seizures; a financial auditor who explained Ly's income, debt, and mortgage history during the relevant period, and others. (See Dkt. No. 5 at 8-9.) Ly denied any knowledge of the marijuana grow operations and testified that his wife, Thi Nguyen Tram Bui, was responsible for overseeing the properties. (Id. at 9.) However, the jury was not convinced. (Id.) Throughout the trial, Ly was represented by retained counsel. (Dkt. No. 5 at 8.)

Following the jury's verdict, the Court sentenced Ly to 60 months' imprisonment, the statutory mandatory minimum term. (Dkt. No. 5 at 10-11.) Ly appealed to the Ninth Circuit, challenging, in relevant part, the sufficiency of the evidence supporting the jury's verdict. See United States v. Keith K. Ly, Case No. 14-30269, Dkt. No. 21 (9th Cir. 2014). The Ninth Circuit affirmed his conviction and upheld his sentence. (Id.) Ly sought further review in the Supreme Court, which declined to hear the case. See Ly v. United States, 137 S.Ct. 518 (Nov. 28, 2016.)

Ly now moves to vacate his sentence under Section 2255. (Dkt. No. 1.) Ly claims he is innocent of all charges, and challenges the validity of his conviction and sentence on the grounds of ineffective assistance of counsel and prosecutorial misconduct. (Id.) Specifically, Ly contends his counsel rendered ineffective assistance by "failing to investigate exculpatory witness and evidence, presenting exculpatory witnesses and evidence at trial, falsifying petitioner's signature on forfeiture documents, failing to explain a plea agreement offered to petitioner pre-trial," and "converting petitioner's assets for personal gain in collusion with the Bell[e]vue Police Department." (Id. at 1.) Ly further contends that the United States "knowingly and deliberately withheld material exculpatory evidence and witnesses, and knowingly made misstatement of facts to the trial court, judge, and jury." (Id. at 1-2.)

1  The government denies any error in Ly's convictions or sentence, and responds that his
2  petition should be dismissed because it is vague and devoid of specific facts that would justify
3  relief. (Dkt. No. 5 at 2.) Further, the government contends that several of his claims are subject
4  to procedural dismissal. (Id.)

**Discussion**

**I.  Legal Standard**

Under Section 2255, the Court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

To obtain relief, the petitioner must prove, by a preponderance of the evidence, the existence of an error rendering his conviction unlawful. See Simmons v. Blodgett, 110 F.3d 39, 42 (9th Cir. 1997). The Court may dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rules Governing § 2255 Proceedings, Rule 4(b).

In general, a claim may not be raised in a Section 2255 petition if the petitioner had an opportunity to raise it during trial or on direct appeal and failed to do so. See Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621-22 (1998). The same is true for a claim that was already disposed of on direct appeal. United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979); see also Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again" in a Section 2255 petition). There is an exception

for an ineffective assistance of counsel claim, which may be raised for the first time in a Section 2255 petition regardless of whether the petitioner could have raised the claim on direct appeal. Massaro, 538 U.S. at 504.

**II.      Ineffective Assistance of Counsel**

To prevail on his ineffective assistance of counsel claim, Ly must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). There is a strong presumption that defense counsel rendered adequate assistance. Jones v. Ryan, 583 F.3d 626, 637-38 (9th Cir. 2009). Conclusory allegations that are not supported by specific facts do not provide grounds for relief under Section 2255. United States v. James, 24 F.3d 20, 26 (9th Cir. 1994).

Ly claims his retained counsel erred by: (1) failing to investigate; (2) failing to present exculpatory witnesses and evidence at trial; (3) falsifying his signature on forfeiture documents; (4) failing to explain a plea agreement offered to him before trial; and (5) converting his assets for personal gain. (Dkt. No. 1 at 1.) However, Ly fails to set forth any facts to support these conclusory claims.

**A.  Failure to Investigate or Present Exculpatory Evidence or Witnesses at Trial**

Ly does not identify any evidence or witnesses his counsel allegedly failed to investigate, nor does he offer any explanation for how uninvestigated evidence or testimony would have changed the outcome of his trial. To the contrary, the record reveals that his counsel made extensive efforts to investigate exculpatory evidence and witnesses, affirmatively litigated for

severance and trial continuances, and effectively challenged the prosecution by presenting the testimony of four defense witnesses at trial, including one expert witness. (Dkt. No. 5 at 18-19.)

### B. Falsifying Petitioner's Signature on Forfeiture Documents

Ly does not identify the documents on which he claims his signature was falsified, nor does he explain how this alleged misconduct by counsel would have changed the result of his conviction or sentence. Indeed, the forfeiture documents were not submitted to the jury for special verdict until *after* it returned a guilty verdict. See United States v. Ly, Case No. 13-157MJP, Dkt. No. 193. A Section 2255 petition cannot be used to attack the jury's forfeiture verdict in this manner, as Section 2255 is "available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999).

### C. Failure to Explain Plea Agreement

Ly does not identify any facts relating to a plea offer or his counsel's alleged failure to explain the offer, nor does he demonstrate a reasonable probability that he would have accepted the offer or that the Court would have accepted his plea. See Missouri v. Frye, 566 U.S. 134, 138 (2012) ("To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea . . . [and] a reasonable probability the plea would have been entered without the prosecution cancelling it or the trial court refusing to accept it.").

### D. Conversion of Petitioner's Assets

Ly does not identify any facts relating to the alleged conversion, and does not explain how this alleged misconduct by counsel would have changed the result of his conviction or sentence.

### III. Claims Subject to Procedural Default

Ly raises several more claims including that the prosecution "knowingly and deliberately withheld material exculpatory evidence and witnesses, and knowingly made misstatement of facts to the trial court, judge, and jury." (Dkt. No. 1 at 1-2.) Ly did not raise these claims during the proceedings before this Court or in his direct appeal before the Ninth Circuit, and accordingly, they are procedurally defaulted. Ly has not shown the required cause or prejudice to justify bringing these claims for the first time in his Section 2255 petition. See Bousley, 523 U.S. at 622 (procedurally defaulted claim may be raised on a Section 2255 petition only if the petitioner first demonstrates "cause" and actual "prejudice," or "actual innocence."). Further, even were the Court to consider Ly's claims of prosecutorial misconduct, Ly has not identified any exculpatory evidence or witness that was withheld, or any statements that might give rise to a claim for prosecutorial misconduct. Instead, he merely claims he is innocent of the underlying offenses and restates the same arguments he made at trial and on direct appeal, arguments that were persuasive to neither the jury nor the Court.

### IV. Evidentiary Hearing and Certificate of Appealability

Ly also requests an evidentiary hearing. (Dkt. No. 1 at 7-8; Dkt. No. 6 at 2.) The Court finds that an evidentiary hearing is not warranted, as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For the same reason, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2);

Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (petitioner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right.").

The clerk is ordered to provide copies of this order to all counsel.

Dated March 7, 2018.

Marsha J. Pechman
United States District Judge